TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Shawn Young

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Young, | Case No.:  2:13-cv-00971-ROS |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| Medical Society Business Services Inc. d/b/a Bureau of Medical Economics; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Amended Complaint, the Plaintiff, Shawn Young, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Shawn Young (hereafter "Plaintiff"), is an adult individual residing at 5220 West Northern Avenue, Glendale, Arizona 85301, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Medical Society Business Services Inc. d/b/a Bureau of Medical Economics (hereafter "BME"), is a company with an address of 326 East Coronado Road, Phoenix, Arizona 85004, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by BME and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     BME at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,400.00 (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to BME for collection, or BME was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. BME Engages in Harassment and Abusive Tactics

12.     Within the last year, BME contacted Plaintiff in an attempt to collect the Debt.

13.     At times, BME failed to identify itself to Plaintiff and further failed to inform Plaintiff that the call was an attempt to collect the Debt and that all information obtained would be used for that purpose.

3

14.    Plaintiff informed BME that she could not accept collection calls during work hours and directed BME to call her after 4:00 p.m.

15.    Despite Plaintiff's unequivocal request, BME continued dialing Plaintiff's cellular number during work hours.

16.    On one occasion, BME called Plaintiff immediately after speaking with her and being instructed by Plaintiff that she could speak with BME after 4:00 p.m.

**C. Plaintiff Suffered Actual Damages**

17.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692, et seq.**

20.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

21.    The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

22.    The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23.    The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

24.    The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

25.    The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

5

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

31.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced calls at a time known to be inconvenient to Plaintiff.

32.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

33.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

35.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy in an amount to be determined at trial;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 23, 2013                    LEMBERG & ASSOCIATES, LLC


                                         By:_  /s/   Trinette G. Kent_____
                                         Trinette G. Kent

                                         Attorney for Plaintiff,
                                         Shawn Young